IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**BRYANT LAWRENCE RAY and**
**MARILYN RAY,**

    **Plaintiffs,**

v.  No. _____

**THE UNITED STATES OF AMERICA,**

    **Defendant.**

### COMPLAINT UNDER THE FEDERAL TORT CLAIMS ACT FOR DAMAGES CAUSED BY NEGLIGENCE

COME NOW the Plaintiffs, **BRYANT LAWRENCE RAY** and **MARILYN RAY**, by and through counsel, Romero & Winder, P.C. (Joe M. Romero, Jr.), and for their causes of action against the Defendant, state as follows:

1. Plaintiffs, Bryant Lawrence Ray (hereinafter "Mr. Ray") and his wife, Marilyn Ray (hereinafter "Mrs. Ray"), and at all times material hereto were residents of Acoma Pueblo, County of Cibola, State of New Mexico.

2. The acts or omissions complained of occurred in San Fidel, New Mexico.

3. This suit is brought pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2674, and this Court has exclusive jurisdiction over this action, pursuant to 28 U.S.C. § 1346(b). Venue in this District is authorized by 28 U.S.C. § 1402(b).

4. Notice of this claim as required by 28 U.S.C. § 2675 was received by the Claims Office of the Office of General Counsel/General Law Division, United States Department of Health and Human Services (hereinafter "DHHS"), 330 C Street S.W. Switzer Building, Suite 2600, Washington, D.C. 20201 on March 16, 2018.

5.	Plaintiffs' administrative claims were expressly denied in writing by the DHHS on or about July 11, 2019.

6.	The Acoma Canoncito Laguna Service Unit (hereinafter "ACL") located in San Fidel, New Mexico, is a facility owned and operated by the Indian Health Service ("IHS"), an agency of DHHS. Public Health Service (hereinafter "PHS") commissioned officers are employees of the United States for purposes of liability under the FTCA.

7.	Christopher C. Cordes, O.D. (hereinafter "Dr. Cordes"), was at all relevant times a commissioned officer in the United States PHS and a licensed optometrist practicing at ACL. Plaintiffs further state and allege that Dr. Cordes acting within the scope of his employment.

8.	Under the FTCA the United States of America is liable for the negligence of federal "employees" such as Dr. Cordes and therefore is the appropriate Defendant.

9.	Defendant United States of America, if a private person, would be liable to the claimants in accordance with the law of the place where the acts or omissions occurred.

### STATEMENT OF FACTS

10.	This case arises from the treatment provided to Mr. Ray by Dr. Cordes in the Eye Clinic of the ACL Service Unit during the time period from between December 3, 2015 and June 13, 2016.

11.	On December 3, 2015, Mr. Ray went to the ACL Eye Clinic presenting with complaints of double vision and dry eyes for about three weeks.

12.	Dr. Cordes misdiagnosed Mr. Ray with Cranial Nerve IV palsy and prescribed ointment for Mr. Ray's dry eyes.

13.	When Mr. Ray saw Dr. Cordes on May 4, 2016, his eye problems had significantly worsened. At this time, in addition to the dry eyes and double vision he experienced in December

2015, Mr. Ray was unable to completely shut his eyes; experiencing eye swelling, eye tearing and photophobia.

14. During the May 4, 2016, Dr. Cordes, for the first time, correctly diagnoses Mr. Ray's condition as Graves' ophthalmopathy or orbitopathy (GO). GO is a condition that occurs when the immune system attacks the muscles and other tissues around the eyes resulting in inflammation and a buildup of tissue and fat behind the eye socket, causing the eyeballs to bulge out. If unchecked, the inflammation can become severe enough to compress the optic nerve that leads from the eye to the brain, causing vision loss.

15. Dr. Cordes' initial misdiagnosis of Mr. Ray's condition delayed the initiation of necessary treatment, consultation with specialists, and eventual surgical management.

16. This delay was followed by subsequent inadequate treatment caused by Dr. Cordes' inexperience in treating GO and/or failure to consult appropriate specialists with the required experience.

17. After the May 4, 2016 appointment Dr. Cordes saw Mr. Ray on four more occasions (May 9, 11, 18 and 25) and each time failed to recognize that Mr. Ray's condition required more advanced care than Dr. Cordes was qualified to provide.

18. At the end of May, Dr. Cordes went on vacation.

19. Dr. Cordes did not make any arrangements for Mr. Ray to obtain necessary care in the event of an emergency.

20. On June 8, 2016, Mr. Ray's vision "went out" in his right eye and he experienced severely limited vision in his left.

21. Mr. Ray was required to wait another five (5) days, until June 13, 2016, after Dr. Cordes returned from vacation, to see Dr. Cordes.

22. When Dr. Cordes examined Mr. Ray on June 13, 2016, he sought consultation from another doctor and ultimately referred Mr. Ray to UNM Eye Clinic and was seen the same day.

23. Mr. Ray has suffered severe and irreversible loss of vision as a result of the negligence set forth above.

### COUNT I. NEGLIGENCE

24. The preceding paragraphs of this Complaint are hereby incorporated by reference as if herein stated.

25. The United States is legally responsible for the negligent, tortious actions of its employees, including PHS commissioned officers, while those employees are performing job duties for, or in furtherance of, the interests of the employer.

26. Dr. Cordes had a duty to exercise reasonable care, and to possess and use the degree of skill and learning ordinarily used in the same or similar circumstances by members of his profession.

27. Dr. Cordes breached his duty:

   a. by failing to give a proper and thorough eye exam during Mr. Ray's initial appointment on December 3, 2015;

   b. by failing to formulate a differential diagnosis for the symptoms presented by Mr. Ray;

   c. by initially misdiagnosing Mr. Ray's condition as a less serious condition, which misdiagnosis resulted in a five (5) month delay in treatment;

   d. after correctly diagnosing Mr. Ray's condition, by failing to consult with and/or refer Mr. Ray to an appropriate specialist, either an ophthalmologist or an endocrinologist;

   e. by failing to render appropriate treatment in a timely manner;

   f. by going on vacation without planning to ensure that a competent replacement was available for Mr. Ray to obtain the necessary care in the event of an emergency; and

      g. by other means as learned through discovery during this litigation.

28. Under the FTCA and the law of the place of the wrong, Acoma Pueblo, Mr. Ray is entitled to compensatory damages for his losses, both special and general caused by the negligence of Dr. Cordes. Defendant United States is liable to Mr. Ray for his losses and he hereby claims a right to recover all allowable damages recognized by Acoma Pueblo law, including but not limited to:

      a. nature, duration, and extent of injury;

      b. past and future medical expense;

      c. non-medical expense incidental to his injuries;

      d. emotional distress and suffering;

      e. physical pain;

      f. lost enjoyment of life;

      g. loss of household services;

      h. disfigurement and scarring;

      i. mental anguish; and

      j. future damages.

## COUNT II-LOSS OF CONSORTIUM

29. The preceding paragraphs of this Complaint are hereby incorporated by reference as if herein stated.

30. Plaintiff Marilyn Ray is the wife of Bryant Lawrence Ray.

31. As a direct and proximate result of the negligence of Dr. Cordes, Mrs. Ray suffered a loss of consortium, as that term is legally defined.

32.     That loss of consortium includes, but is not limited to, loss of companionship, impairment of the family relationship, loss of family stability, mental and emotional anguish, and other associated traumas related to the harms experienced by Plaintiff Marilyn Ray.

33.     As a direct and proximate result of the negligence of Dr. Cordes, Mrs. Ray suffered and will continue to suffer a loss in an amount not presently determinable, but to be proven at the time of trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs pray that the Court enter final judgment in favor of Plaintiffs and against Defendant in an amount to be proven at the time of trial for all of Plaintiffs' damages, as well as costs associated with bringing this cause of action; for post-judgment interest; and for such other further relief as the Court deems just and proper.

Respectfully Submitted,

By: _____
Joe M. Romero, Jr.
**ROMERO & WINDER, PC**
Attorney for Plaintiff
1905 Lomas Blvd. NW
Albuquerque, NM 87104
(505) 843-9776
Email: joe@romeroandwinder.com