IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

BRYANT LAWRENCE RAY and
MARILYN RAY,

    Plaintiffs,

vs.                                                                                               Civ. No. 19-705 KG/JFR

THE UNITED STATES OF AMERICA,

    Defendant.

## MEMORANDUM OPINION AND ORDER

This lawsuit arises under the Federal Tort Claims Act (FTCA) as a result of alleged medical malpractice that occurred at the Acoma Cañocito Laguna Indian Health Service Hospital (IHS Hospital) located on the Acoma Pueblo in the State of New Mexico. On December 14, 2020, Plaintiffs filed Plaintiffs' Motion for Partial Summary Judgment Concerning Application of Law of the Place (Motion for Partial Summary Judgment). (Doc. 35). The Motion for Partial Summary Judgment is fully and timely briefed. *See* (Docs. 36, 37, and 39). Having considered the Motion for Partial Summary Judgment, the response, the controlling law, and for the following reasons, the Court denies the Motion for Partial Summary Judgment.

*I. The Motion for Partial Summary Judgment*

Plaintiffs argue that, as a matter of law, the cap on damages under the New Mexico Medical Malpractice Act does not apply to this FTCA case because the "law of the place" is Acoma tribal law, not New Mexico law. *See* New Mexico Medical Malpractice Act, NMSA 1978, § 41-5-6 (2019); 28 U.S.C. § 1346(b)(1). Significant to this case, Acoma tribal law has no cap on medical malpractice damages. Plaintiffs, therefore, seek a ruling from the Court that the law of Acoma Pueblo applies to this case for all purposes. Defendant opposes the Motion for

Partial Summary Judgment arguing that the "law of the place" is New Mexico law since Acoma Pueblo is located within the State of New Mexico.

*II. Standard for Summary Judgment*

Summary judgment is appropriate if the moving party shows "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). For the purpose of this Motion for Partial Summary Judgment, it is undisputed that the alleged medical malpractice occurred on the Acoma Pueblo in the State of New Mexico. The Motion for Partial Summary Judgment raises only the legal question of what is the "law of the place" in this case.

*III. Discussion*

"The FTCA waives the federal government's sovereign immunity for 'the negligent or wrongful act or omission' of a federal employee 'acting within the scope of his office or employment.'" *Elder v. United States,* 312 F.3d 1172, 1176 (10th Cir. 2002) (quoting 28 U.S.C. § 1346(b)(1)). District courts have "exclusive jurisdiction" of FTCA claims against the United States "where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C.A. § 1346(b)(1) (emphasis added). In interpreting "law of the place," Plaintiffs argue that (1) the plain language of "law of the place where the act or omission occurred" requires that Acoma tribal law apply to Plaintiffs' claims; (2) "[l]egal principles authorizing tribal jurisdiction to be asserted over non-Indians require that Plaintiffs' claims be governed by Acoma Tribal Law;" and (3) "[n]otions of tribal sovereignty require that Plaintiffs' claims be governed by Acoma Tribal Law." *See* (Doc. 35) at 5, 7.

*A. Plain Language and Tribal Jurisdiction Over Non-Indians*

Plaintiffs cite *Hess v. United States* for the proposition "that the term 'place' in the Federal Tort Claims Act means the political entity...." *Hess v. United States*, 361 U.S. 314, 318 n.7 (1960); *see also United States v. Barquin,* 799 F.2d 619, 621 (10th Cir. 1986) (observing that, "even though physically located within the geographic boundaries of a state," tribes are sovereign entities). Plaintiffs also cite *Cheromiah v. United States* in which this Court found that "the law of the Acoma Tribe is the 'law of the place' within the meaning of the FTCA" because "the Acoma Tribe is the relevant political entity who controls the jurisdiction in which the alleged tort occurred." *Cheromiah v. United States* 55 F.Supp. 2d 1295, 1305 (D.N.M. 1999); *see also Quechan Indian Tribe v. United States*, 535 F. Supp. 2d 1072, 1103 (S.D. Cal. 2008) (considering plain language of Section 1346(b)(1), court held "phrase 'law of the place,' can only be interpreted to mean the law of a recognizable entity having jurisdiction over the site where the act occurred, which is not necessarily the 'law of the state'"). Accordingly, Plaintiffs contend that Acoma Pueblo is the relevant political entity that controls the jurisdiction over the site where the alleged malpractice occurred, the IHS Hospital located on Acoma Pueblo. Plaintiffs, therefore, conclude that the "law of the place," in this instance, is Acoma tribal law.

Contrary to the holdings in *Cheromiah* and *Quechan Indian Tribe*, the Tenth Circuit and other cases in the District of New Mexico have not equated "law of the place" with a political entity's jurisdiction over legal claims. Significantly, in *Bryant v. United States*, the Tenth Circuit applied New Mexico law to an FTCA action that allegedly occurred on an Indian reservation. *Bryant v. United States*, 565 F.2d 650 (10th Cir. 1977); *see also Magdalena v. United States*, 2008 WL 11334066 (D.N.M.) (applying New Mexico law to FTCA action that allegedly occurred on Pueblo land); *Louis v. United States*, 54 F.Supp.2d 1208, 1209-1210 (D.N.M. 1999)

3

(decided before *Cheromiah* and concluding that New Mexico law, not the law of Acoma Pueblo, is "law of the place"). Indeed, in *Fed. Express Corp. v. United States*, this Court rejected the plaintiffs' reliance on *Cheromiah* on the issue of "law of the place" noting that the "[p]laintiffs ignore the overwhelming load of case law that has interpreted the term 'law of the place' to refer to the substantive law of the state in which the tort occurred." 228 F.Supp.2d 1267, 1269 (D.N.M. 2002) (listing cases the Acoma Tribe is the relevant political entity who controls the jurisdiction in which the alleged tort). The Court also explained that "even if tribal jurisdiction concurrently extends to the claim at hand, the mere existence of jurisdiction is not determinative in deciding what 'law of the place' applies. Rather, the inquiry ends where it is determined the negligence occurred." *Id.*

In addition to the above cases deciding that "law of the place" is state law when a tort occurs on tribal land, the Eighth Circuit in *LaFromboise v. Leavitt* addressed that issue squarely. 439 F.3d 792 (8th Cir. 2006). Like this case, *LaFromboise* involved an alleged FTCA medical malpractice claim that occurred on an Indian reservation. *Id.* at 793. The relevant state law in *LaFromboise*as was that of North Dakota. *Id.* Also, like this case, the tribal and state jurisdictions had laws that governed medical malpractice in materially different ways. *Id.* The Eighth Circuit acknowledged that it, "in precisely the circumstances at issue here, has applied the law of the State to acts occurring on tribal lands within a State, although the choice-of-law question apparently was not raised or discussed in these cases." *Id.* at 794.

In *LaFromboise*, the plaintiff relied primarily on *Cheromiah* for the proposition "that where a tribal court would have jurisdiction over a private person committing the alleged tort, … then 'the law of the place' for purposes of the FTCA is the law of the tribal reservation." *Id.* The Eighth Circuit rejected that reliance on *Cheromiah* for four reasons.

"First, the plain meaning of the statute—'*the* law of *the* place'—indicates that Congress contemplated a single source of governing law," not "the laws of two places, the State and the tribal reservation...." *Id.*

"Second, the most apposite precedents from the federal appellate courts support the view that 'place' means 'State.'" *Id.* For instance,

> [n]umerous decisions hold that where a negligent act occurs within a federal enclave, such as a military base or national park, that is located within the territory of a State, the law of the State applies, notwithstanding that a different political entity—in those cases, the federal government—has civil authority over the land.

*Id.* "Likewise, in a case involving two States, *Brock v. United States,* 601 F.2d 976 (9th Cir.1979), the Ninth Circuit persuasively concluded that 'place' refers to locality rather than jurisdiction." *Id.* at 795.

Third, the Eighth Circuit thought "it unlikely that Congress meant for the liability of the United States to depend on the laws of more than 550 tribal governments throughout the country...." *Id.* (citing *Louis,* 54 F.Supp.2d at 1210 n.5). Moreover, "[t]he uncertainty and potential for expanded liability that would follow from interpreting 'law of the place' to mean 'law of the tribal reservation' counsel against holding that Congress granted such a waiver" of the United States' sovereign immunity when it enacted the FTCA. *Id.*

Finally, the Eighth Circuit did not accept the plaintiff's argument "that the tribal court would have jurisdiction over an action brought by a tribal member against private parties arising from negligence at the medical facility ..., and that North Dakota courts would not have jurisdiction over such an action." *Id.* The Eighth Circuit explained that "[t]he identification of the 'law of the place' turns on the territorial jurisdiction within which the allegedly tortious acts or omissions occurred, and '[i]t is only after "the place" has been determined that the government shall become liable as a private claimant would become liable under that state's

law.'" *Id.* at 795-96 (citation omitted). Moreover, the Eighth Circuit noted *Three Affiliated Tribes v. Wold Eng'g, P.C.* wherein the Supreme Court observed that it "repeatedly has approved the exercise of jurisdiction by state courts over claims by Indians against non-Indians, even when those claims arose in Indian country." *Id.* at 795 (quoting *Three Affiliated Tribes,* 467 U.S. 138, 148 (1984)).

The Eighth Circuit then concluded "that the majority of the courts to address the meaning of 'the law of the place' have reached the better conclusion[:] ... that where an act or omission occurs within the territorial boundaries of both a tribal reservation and a State, 'the law of the place' for purposes of the FTCA is the law of the State." *Id.* at 796.

Following the persuasive reasoning set forth in *Fed. Express Corp.* and *LaFromboise*, and the precedent of a majority of courts, and recognizing the Tenth Circuit's application of New Mexico law to an FTCA claim occurring on an Indian reservation, the Court determines, as a matter of law, that "law of the place" in this case is the law of New Mexico, the state where the alleged medical malpractice occurred. *See, e.g., Anthony v. United States,* 2020 WL 5974583, at *4 (D. Ariz.) (noting that "[t]raditionally ... federal courts have applied the law of the state as the law of the place, even when the allegedly negligent act occurred on Indian land" and that "[c]onsequently, the Court may not surreptitiously deviate from this settled precedent").

### B. Notions of Tribal Sovereignty

Nonetheless, Plaintiffs argue that, as a sovereign entity, Acoma Pueblo is entitled to engage in tribal self-government. Consequently, Plaintiffs believe that Acoma tribal law should apply when tortious conduct occurs on Acoma Pueblo. It is true that the United States Supreme Court has "repeatedly recognized the Federal Government's longstanding policy of encouraging tribal self-government," a policy that "reflects the fact that Indian tribes retain 'attributes of

6

sovereignty over both their members and their territory...." *Iowa Mut. Ins. Co. v. LaPlante*, 480 U.S. 9, 14 (1987). This Court certainly agrees with this principal. However, that tribal self-government is limited "to the extent that sovereignty has not been withdrawn by federal statute or treaty." *Id.*

As described above, the FTCA's "law of the place" requirement is a federal statutory provision that withdraws tribal sovereignty, i.e., the right to apply tribal law, over tortious conduct that occurred on tribal land under the ambit of the FTCA. Had Congress intended for tribes to apply their laws to FTCA cases that occurred on tribal lands, Congress would have expressly indicated as much in the FTCA, but Congress did not. It is not the Court's role "to read any implicit directive into the congressional silence." *Kimbrough v. United States*, 552 U.S. 85, 87 (2007) (finding that "[d]rawing meaning from silence is particularly inappropriate" when "Congress knows how to [address issue] in express terms"); *see also Nichols v. United States*, 136 S. Ct. 1113, 1118 (2016) (noting that "[t]o supply omissions transcends the judicial function") (citation omitted). Accordingly, Plaintiffs' tribal sovereign immunity argument fails as a matter of law.

IT IS ORDERED that Plaintiffs' Motion for Partial Summary Judgment Concerning Application of Law of the Place (Doc. 35) is denied.

/s/ *signature*
UNITED STATES DISTRICT JUDGE