IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

BRYANT LAWRENCE RAY and
MARILYN RAY,

    Plaintiffs,

v.                                              Civ. No. 19-0705 KG/JFR

THE UNITED STATES OF AMERICA,

    Defendant.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Plaintiffs Bryant and Marilyn Ray's Motion for 28 U.S.C. § 1292(b) Certification of the Court's August 6, 2021 Order Denying Plaintiffs' Motion for Partial Summary Judgment (Motion) (Doc. 48). Plaintiffs seek certification of an interlocutory appeal on this Court's August 6, 2021, Memorandum Opinion and Order denying Plaintiffs' Motion for Partial Summary Judgment and determining that the law of New Mexico is the "law of the place" for purposes of the Federal Tort Claims Act (FTCA). (Doc. 40) at 6. The United States filed its response on October 5, 2021. (Doc. 52). The Court declined submission of a Reply. (*See* Doc. 51). Having considered the briefing, the record, and the applicable law, the Court grants Plaintiffs' Motion (Doc. 48) and certifies to the Tenth Circuit Court of Appeals this Court's August 6, 2021, Memorandum Opinion and Order (Doc. 40) for interlocutory appeal pursuant to 28 U.S.C. § 1292(b). The Court does not stay the case at this time, however, either party may submit an appropriate motion if the Tenth Circuit Court of Appeals accepts the certification and allows the appeal to proceed.

The Court addressed the background of this case and the parties' respective arguments in its August 6, 2021, Memorandum Opinion and Order, and finds it unnecessary to reiterate the

same herein. (Doc. 40). In the previous Memorandum Opinion and Order, the Court determined that the "law of the place" is New Mexico law, not Acoma tribal law. (Doc. 40).

Section 1292(b) of Title 28 of the United States Code provides:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: *Provided, however*, That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

(emphasis in original). Though not explicitly enumerated in the United States Code or in the Federal Rules of Civil or Appellate Procedure, courts generally analyze § 1292(b) motions to certify interlocutory appeal under a three-part test: 1) whether the issue involves a controlling issue of law; 2) whether there is substantial ground for difference of opinion on that issue of law; and 3) whether an immediate appeal from the order will materially advance the ultimate termination of the litigation. *See, e.g., Caraballo-Seda v. Municipality of Hormigueros*, 395 F.3d 7, 9 (1st Cir. 2005); *In re Cement Antitrust Litig. (MDL No. 296)*, 673 F.2d 1020, 1026 (9th Cir. 1981); *Cardona v. General Motors Corp.*, 939 F. Supp. 351, 353 (D.N.J. 1996).

The parties agree that § 1292(b), and no other provision, applies to this Motion. The parties further agree that the question at issue, whether New Mexico law or Acoma tribal law constitutes the "law of the place" within the meaning of the FTCA, is a controlling question of law. (Doc. 52) at 4.

In addition to the "law of the place" being a controlling question of law, the Court is of the opinion that substantial ground exists for a difference of opinion when considering this question.

> There is a substantial ground for difference of opinion which supports a certificate for an interlocutory appeal if a trial court rules in a manner which appears contrary to the rulings of all courts of appeals which have reached the issue, if the circuits are in dispute on the questions and the court of appeals has not spoken on the point, if complicated questions arise under foreign law, or if novel and difficult questions of first impression are presented.

2 Fed. Proc., L. Ed., § 3:218 (footnotes omitted) (collecting cases). However, an attorney's contention that one precedent rather than another should apply does not merit interlocutory appeal. *See Singh v. Daimler-Benz, AG*, 800 F. Supp. 260, 263 (E.D. Pa. 1992), *aff'd* 9 F.3d 303 (3d Cir. 1993).

As discussed in the previous Memorandum Opinion and Order, the Tenth Circuit has not addressed this issue since 1977, and has not, to this Court's knowledge, ever squarely addressed whether "law of the place" means "law of the state" or "law of the political entity." (*See* Doc. 40) at 3. Moreover, other district courts in this circuit have reached the opposite conclusion and determined that tribal law, rather than New Mexico law, constitutes the "law of the place." (*Id.*)

Finally, interlocutory review is appropriate "in extraordinary cases where decision might avoid protracted and expensive litigation." *Robbins Co. v. Lawrence Mfg. Co.*, 482 F.2d 426, 429-30 (9th Cir. 1973). An immediate appeal advances termination of the case if it "would (1) eliminate the need for trial, (2) eliminate complex issues so as to simplify the trial, or (3) eliminate issues to make discovery easier and less costly." *Coates v. Brazoria County, Tex.*, 919 F. Supp. 2d 863, 867 (S.D. Tex. 2013) (quoting *Orson, Inc. v. Miramax Film Corp.*, 867 F. Supp. 319, 322 (E.D. Pa. 1994)).

Immediate appeal will not resolve this case. It will, however, determine the appropriate law to apply at trial and for any remittitur of damages. Moreover, it may eliminate the need for trial by clarifying whether the New Mexico Medical Malpractice Act damages cap applies, and thus facilitate settlement opportunities. The Court finds that an immediate appeal would, therefore, advance termination of the case.

Though not expressly addressed by the parties, § 1292(b) gives the Court discretion over whether to stay proceedings pending interlocutory appeal. In this case, the Tenth Circuit's decision will determine what law to apply at trial, presently set for August 29, 2022. Given the discretionary nature of interlocutory appeal and the age of the case, the Court declines to stay the case or any pending deadlines at this time. Either party may move the Court to stay deadlines or vacate the trial setting if the Tenth Circuit accepts this interlocutory appeal.

Under the circumstances of this case, the Court agrees that immediate interlocutory appeal of the Court's August 6, 2021, Memorandum Opinion and Order (Doc. 40) and certification of the "law of the place" question to the Tenth Circuit satisfy the requirements of 28 U.S.C. § 1292(b) and will materially advance the outcome of this case.

IT IS, THEREFORE, ORDERED THAT Plaintiffs' Motion for 28 U.S.C. § 1292(b) Certification of the Court's August 6, 2021 Order Denying Plaintiffs' Motion for Partial Summary Judgment (Doc. 48) is granted.

_____
UNITED STATES DISTRICT JUDGE